SOPHIE JASKI, TRADING AS WHITE HOUSE BAKERY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100241. Promulgated January 15, 1941.

*Arthur W. A. Cowan, Esq.,* for the petitioner.
*Eugene G. Smith, Esq.,* for the respondent.

322

OPINION.

SMITH: By section 501 (a) (2) of the Revenue Act of 1936 a tax on unjust enrichment is imposed:

\* \* \* equal to 80 per centum of the net income from reimbursement received by such person from his vendors of amounts representing Federal

excise-tax burdens included in prices paid by such person to such vendors, to the extent that such net income does not exceed the amount of such Federal excise-tax burden which such person in turn shifted to his vendees.

After the Agricultural Adjustment Act was declared to be unconstitutional by the Supreme Court in *United States* v. *Butler*, 297 U. S. 1, on January 6, 1936, the petitioner received from vendors certain amounts in reimbursement of processing taxes. She filed unjust enrichment tax returns for 1936 and 1937 showing the receipt by her of such reimbursements of $300 in 1936 and $1,125.02 in 1937. In such returns there was not given the detailed information called for by the return form. The returns showed, however, no taxes due.

The respondent has determined the deficiencies herein in question upon the ground that the petitioner is liable for the taxes. The burden of showing that she is not liable rests upon her.

Petitioner is not able to furnish all of the information called for by the respondent in the unjust enrichment tax returns and he contends that without such information it must be held that the deficiencies in tax are correctly determined.

We think it clear that it was not the intention of Congress to impose the unjust enrichment tax in a case where the burden of the tax has been borne by a taxpayer and not shifted to others. In our opinion Congress did not limit a taxpayer to any particular form of proof to show that he has borne the burden of the processing taxes and not shifted such burden to his vendees. For instance, if a taxpayer can prove to the Board that he has refunded to his vendees the reimbursement which he received from his vendors we think that such proof is competent to show that the taxpayer is not liable for the unjust enrichment tax, even though all the information called for by the return form is not given. We also think that this is not the only method of proof which is open to a taxpayer. Cf. *Arden-Rayshine Co.*, 43 B. T. A. 314; *Ney* v. *United States*, 33 Fed. Supp. 554; *Hutzler Brothers Co.* v. *United States*, 33 Fed. Supp. 801. In the last cited case the court said with reference to floor stock taxes:

* * * I know of no decision which goes to the length which the Government now asks this Court to go. To put such interpretation upon the requirements as to the burden of proof prescribed by Section 902 would be, in effect, to say that the taxpayer faces a duty that is impossible of performance, namely, he must produce figures, which do not exist,—in this case they do not exist, through no wilfulness or neglect on the part of the taxpayer, but because of the very nature of the business * * *. *The obvious result would be to defeat, by an arbitrary ruling of the administrative branch of the Government, the very mandate of the Supreme Court in United States v. Butler, supra, to the effect that the tax was invalid.* [Emphasis supplied.]

The evidence in this case is to the effect that the petitioner sold during the years 1936 and 1937 the same bakery products at the

same prices at which like bakery products were sold by the corporation before the processing taxes went into effect. While such taxes were in effect the petitioner was required to pay more for her flour than she would have paid if the taxes had not been in effect. The result was that her profits from the sales of bakery products during the years that the processing taxes were in effect were less than they otherwise would have been by the amount of the taxes. When she received the refunds which are here in question she was not unjustly enriched within the meaning of the statute. The reimbursements simply restored to her a part of the profits that she lost by reason of the levying of the processing taxes.

The tax deficiencies are expunged.

Reviewed by the Board.

*Decision will be entered for the petitioner.*